UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| IRVING F. ROUNDS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. 21-40117-TSH |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, AGENT RICHARD CIRUOLO, | ) | |
| AND AGENT JOHN COUGHLIN | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS**
September 8, 2022

HILLMAN, S.J.

Plaintiff Irving F. Rounds proceeding *pro se* has filed this action against Defendants the United States Department of Justice ("DOJ"), Agent Richard Ciruolo and Agent John Coughlin who Plaintiff refers to as a DOJ agents[1] seeking injunctive relief to protect him from alleged ongoing harassment by the DOJ and Federal Bureau of Investigation. Plaintiff previously filed three actions in this Court for the District of Massachusetts going back to 2015 (15-13541-MLW; 17-40072-TSH; and 19-11388-MPK), as well as one or more actions in state court, all involving claims that he was forced to become a whistleblower relating to allegations of improper venting of refrigerant gases by a former employer. His claims in this Court have also

---

[1] Plaintiff has not filed evidence of proof of service on "Richard Ciruolo" or "John Coughlin." The Court notes that throughout his pleadings, Plaintiff has not clearly verified the existence, identities or roles those of those so-called Defendants. Because the time for effecting service on this individual has long passed, Plaintiff's claims against "Richard Ciruolo" and "John Coughlin" are hereby dismissed.

involved the Environmental Protection Agency, which allegedly deprived him of pursuing a patent for a perpetual motion invention. *See Rounds v. U.S. Dept. of Justice, et al.*, 19-11388-FDS.

Plaintiff's *pro se* status "militates in favor of a liberal reading" of his pleading. *See Rodi v. S.New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir.2004). *See also Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997) ("The policy behind affording pro se plaintiff's liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled"). However, .Plaintiff's *pro se* status does not absolve him of having to comply with this Court's rules of procedure. "Plaintiff's *pro-se* status does not excuse him from complying with procedural and substantive law." *Burnham v. Wyeth Labs. Inc.*, 348 F.Supp.3d 109, 111-12 (D.Mass. 2018) (*citing Ahmed*, 118 F.3d 890).

Plaintiff seeks only injunctive relief in the form of an order prohibiting Defendants from harassing or threatening him. Complaint, at V. The standard for injunctive relief is the familiar four-part test: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest. *Charlesbank Equity Fund II v. Blinds to Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

The Court agrees with the Defendant that Plaintiff has, either by direct statement or attempted incorporation of his other complaints, alleged such a broad and vague set of claims that it is impossible to discern exactly what he is claiming. *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993)("A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement"

requirement"). There is no coherent legal theory underlying Plaintiff's Complaint, only a mashup of claimed injustices and conspiracy theories. Plaintiff has done nothing in his opposition to persuade the Court that he requires immediate relief or that he is likely to succeed on the merits. Therefore, his complaint, which seeks only injunctive relief, must be dismissed. *See Charlesbank Equity Fund II v. Blinds to Go, Inc.*, 370 F.3d at 162.

## Conclusion

For the reasons set forth, Defendant's Motion to Dismiss (Docket No. 12) is **granted**. Plaintiff's Motion to Change Venue (Docket No. 10) is **denied**.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**

**SO ORDERED.**